UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIAMS FUND PRIVATE EQUITY GROUP, INC.,**<br>            Petitioner,<br><br>        v.<br><br>**DAVID ENGEL,**<br>            Respondent. | Civil Action 06-02266 (HHK) |

MEMORANDUM OPINION

Williams Fund Private Equity Group ("Williams Fund") petitions to vacate an arbitration award to David Engel ("Engel"). Engel cross-petitions to confirm the award. Having considered the submissions of the parties, the court concludes that Williams Fund's petition must be denied and that the arbitration award must be confirmed.

I. BACKGROUND

This action arises out of a dispute regarding a stock purchase. In September 2005, Williams Fund and Engel entered into a stock purchase agreement ("stock agreement") whereby Williams Fund purchased Engel's stock in the Engel Corporation ("the Corporation"). Williams Fund and Engel also executed a security agreement whereby Williams Fund pledged the Corporation's assets and stock as collateral for the purchase. Engel claims that Williams Fund later defaulted under the stock agreement, and Engel scheduled a foreclosure sale on the Corporation's assets and stock.

Immediately before the scheduled sale, Williams Fund filed an arbitration demand. Williams Fund claimed that Engel breached the stock and security agreements by, inter alia, improperly seizing the stock and attempting to foreclose on the Corporation's stock and assets.

Engel counterclaimed that Williams Fund fraudulently induced him to enter into the stock agreement. Engel sought damages and rescission of the stock agreement.

After a two-day hearing, the arbitrator rejected Williams Fund's claims. He found that the stock agreement was void under Virginia law and that Engel was entitled to rescission. He awarded $204,758.42 to Engel and did not award any damages to Williams Fund.

## II. ANALYSIS

Courts have long recognized that judicial review of an arbitration award is extremely limited. *United Paperworkers Int'l. Union v. Misco, Inc.,* 484 U.S. 29, 37-38 (1987); *Kanuth v. Prescott, Ball & Turben, Inc.,* 949 F.2d 1175, 1178 (D.C. Cir. 1991). A court may vacate an arbitration award only if there is a showing that the arbitrator acted in manifest disregard of the law or if one of the limited circumstances enumerated in the Federal Arbitration Act ("FAA") is present.[1] *LaPrade v. Kidder, Peabody & Co.,* 246 F.3d 702, 706 (D.C. Cir. 2001). A party seeking to vacate an arbitration award bears a "heavy burden" of showing that vacatur is appropriate. *Al-Harbi v. Citibank, N.A.,* 85 F.3d 680, 683 (D.C. Cir. 1996).

Williams Fund seeks to vacate the arbitration award on the grounds that the arbitrator manifestly disregarded the law and was biased in favor of Engel. Each ground Williams Fund asserts in support of its position that the arbitration award should be vacated shall be addressed in turn.

**A.  Manifest Disregard of the Law**

Williams Fund argues that the arbitrator manifestly disregarded the law because while he

---

[1] The FAA provides, inter alia, that the arbitration award can be vacated "if there was evident partiality . . . in the arbitrators." 9 U.S.C. § 10(a)(2).

determined that rescission of the stock agreement was an appropriate remedy, he did not, as Virginia law requires, restore the parties to the position each held just prior to their agreement.[2] In order to accomplish such a restoration, Williams Fund argues, the arbitrator was required to order the return of the amount it paid, $263,544.12, for the stock.  Instead, the arbitrator only awarded damages to Engel. Williams Fund's argument is without merit.

"Manifest disregard" means "more than error or misunderstanding with respect to the law." *LaPrade,* 246 F.3d at 706.  A party seeking to have an arbitration award vacated on the ground that an arbitrator acted in "manifest disregard of the law" must establish that (1) the arbitrator knew of a governing legal principle yet refused to apply it or ignored it altogether and (2) the law ignored by the arbitrator was well defined, explicit, and clearly applicable to the case. *Id.* (citation source omitted).

Williams Fund offers nothing in support its assertion that the arbitrator disregarded a principle of law pertinent to Virginia's rescission law.  At most, rather than disregarding the law regarding rescission, the arbitrator erred in his application of the doctrine.  An arbitrator's error in the application of a legal principle, however, is not the same as disregarding it.  Williams Fund's speculation that the arbitrator *must have* disregarded Virginia's rescission law because he failed to award Williams Fund any damages is simply insufficient to show manifest disregard. *See The Matter of Baird and Anthony,* 939 F.Supp. 15, 17 (D.D.C. 1996) (an assertion that the

---

[2]  In its petition, Williams Fund's arguments in this regard are preceded by the caption "The Arbitrator Exceeded His Powers." Pet'r. Br. 3.  While one ground for vacating an arbitration award under the FAA is "where [an arbitrator] exceeded [his] powers,"  9 U.S.C. § 10(a)(4), Williams Fund's arguments under the caption are pertinent only to its assertion that the award should be vacated because the arbitrator acted in"manifest disregard of the law."  There is no meritorious argument that the arbitrator exceeded his powers.

arbitrator was "so far off the mark that he must have acted in manifest disregard of the law" does not suffice). In order to obtain a vacatur of an arbitration award on "manifest disregard" grounds, a party must make a specific showing that an arbitrator knowingly disregarded the applicable law. *See Alston v. UBS Financial Services, Inc.,* No. Civ. A 04-01798, 2006 WL 20516, *3 (D.D.C. Jan. 2, 2006) ("[Petitioners] fail to allege that the arbitrators undertook to correctly state the law and then proceeded to disregard their own pronouncement."). Williams Fund makes no such showing.

Furthermore, there is support for the proposition that the arbitrator correctly understood and applied Virginia's rescission law. *See Kurke v. Oscar Gruss and Son, Inc.*, 454 F.3d 350, 354-55 (D.C. Cir. 2006) ("[The court] will confirm [an award] if a justifiable ground for the decision can be inferred from the facts of the case."). At the arbitration proceeding, Engel argued, and the arbitrator may have been persuaded, that restoration of monies to Williams Fund would be inappropriate because Williams Fund acted fraudulently.[3] In Virginia, in cases of fraud restoration is not always appropriate. *Webb v. Webb*, 431 S.E. 2d 55, 62 (Va. Ct. App. 1993) ("[t]he general rule of restoration is not strictly applied in the case of fraud.").[4]

**B. Evident Partiality**

Williams Fund argues that the arbitrator was biased in favor of Engel because, during the

---

[3] Engel also argued that none of the funds paid to him pursuant to the stock agreement came from Williams Fund, but instead came from the Corporation or another source. Thus, Engel argued, any award to Williams Fund would result in a windfall.

[4] Williams Fund suggests that it was improper for the arbitrator not to explain or itemize his damage award. An arbitrator is not required to explain or itemize a damage award. *The Matter of Baird and Anthony*, 939 F.Supp. 15, 17 (D.D.C. 1996). Therefore, the suggestion of Williams Fund is of no consequence.

arbitration proceedings: (1) Engel's attorney intimidated the arbitrator and (2) the arbitrator reviewed a prejudicial brief that discussed accusations of fraud against Williams Fund in three other proceedings. Neither argument has merit.

"It is well established that a mere appearance of bias is insufficient to demonstrate evident partiality." *Alston*, 2006 WL 20516, at *3. The party seeking to vacate an arbitration award on this ground must establish "specific facts that indicate improper motives on the part of an arbitrator." *Al-Harbi*, 85 F.3d at 683 (citation source omitted). Williams Fund argues the arbitrator was partial because Engel's lawyer threatened the arbitrator during the closing argument when Engel's lawyer stated:

> Mr. Arbitrator, David Engel is asking you principally to unwind this transaction because of the fraud and the inducement and because of the criminality and illegality that went along with the scheme. And essentially if you find for the claimant in this case, there's really no other conclusion but that you and AAA, the legal process, would be aiding and abetting this fraud, this criminality. And we ask that you don't become a participant in that, and you do not allow this fraud to be – to reach its conclusion.

Pet'r. Br. 6 (citing Arb. Hr'g Tr. 422:9-21, Aug. 15, 2006). Williams Fund does not explain how these remarks constitutes a "threat" as opposed to a persuasive argument made in the course of a closing argument. Williams Funds' allegation that the remarks constituted a "threat" is nothing more than *ipsit dixit*. Further, Williams Fund fails to "connect the dots" between the statement and its assertion that the arbitrator was partial.

Williams Fund also argues the arbitrator was partial because he reviewed a brief that was not admitted into evidence at the arbitration proceeding that discussed allegations in three other proceedings that Williams Fund and its principal were accused of fraud. Williams Fund

effectively argues that the arbitrator was biased because he was exposed to an inflammatory document. Williams Fund offers no support, and this court is not aware of any, for this argument. As part of their duties, arbitrators must review material the parties submit and determine whether to admit the material into evidence. If it is not admitted into evidence, it is presumed that the material was not taken in to consideration by the arbitrator in reaching his decision. It is simply not the case "that arbitrators are so impressionable that exposure to prejudicial documents inexorably leads to partiality." *Mantle v. Upper Deck Co.*, 956 F.Supp. 719, 730 (N.D. Tex. 1997).[5]

### III. CONCLUSION

For the foregoing reasons, the petition of Williams Fund to vacate the arbitration award is denied and the cross-petition of Engel to confirm the award is granted. An appropriate order accompanies this memorandum.

Henry H. Kennedy, Jr.<br>
United States District Judge

Dated: November 7, 2007

---

[5] Engel moves for sanctions pursuant to Fed.R.Civ.P. 11 on the ground that Williams Fund does not have substantial justification for challenging the arbitration award. Motions for sanctions must be filed separately from other motions and may not be filed until 21 days after service of the motion on the opposing party. Fed.R.Civ.P. 11(c)(1)(A). Because the motion does not meet either requirement, it is denied. *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 142 (2d Cir. 2002) (holding that it is an abuse of discretion for a court to grant a motion for sanctions when such motion was not made separately, was only included in the memorandum addressing other issues before the court, and was not served on the opposing party 21 days before filing).